26 C.C.P.A. (Patents)

### In re BEESON.
### Patent Appeal No. 4017.

Court of Customs and Patent Appeals.

Dec. 19, 1938.

William T. Geier, of Washington, D. C. (Lester F. Dittenhoefer, of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming that of the examiner rejecting, for want of patentability over the prior art, all of the claims, 6, 7, and 8, of an application for a patent for an improvement on sidings.

The references cited are: Docker, 1,-887, December 10, 1840; Braun (Swiss), 10,454, June 1, 1895; Chilcott (British), 15,872, July 2, 1910; Munro, 1,593,094, July 20, 1926.

Claim 7 is illustrative and reads as follows: "7. A siding composed of a plurality of substantially rectangular fiber-cement shingles arranged in overlapping horizontal courses with the shingles of each course laid end to end, and with a piece of water-proofed felt underlying each joint and supporting two adjacent shingles at their ends but not extending under the bodies of the shingles."

The application relates to a covering or siding of asbestos-cement shingles, substantially rectangular in shape, each containing preformed spaced perforations or holes adjacent the upper edge and one similar hole at each of the exposed lower corners. Under each joint made by the abutting sides of the shingles is a relatively narrow strip of water-proofed felt, which is soft and compressible. The shingles are laid in the usual fashion, each row being superimposed upon the subjacent row for a portion of its length. Nails are driven through the said holes to fasten the units. The exposed nails in the corner holes penetrate through the underlying, soft felt strips into the sheathing and it is said that this results in sealing the joint against water, and prevents breakage of the shingle in nailing.

The Docker patent relates to roofing or wall facing in which the shingles of slate, tile or metal are laid and fastened in the usual way with strips of metal treated to resist the action of moisture beneath each abutting joint. Hydraulic cement or other composition is placed upon the metal strips. This construction appears to result in water-tight joints.

The Braun (Swiss) patent relates to water-tight tile roofing in which the tiles are laid on continuous strips of felt.

The British patent to Chilcott relates to a method of fastening slate shingles upon roofs. The shingles are fastened to the roof by means of screws fitted one to each shingle in a preformed hole near the middle of the exposed edge. The screws are dipped into white or red lead

and fit the holes exactly. The method appears to result in a roof covering resistant to dampness and wind.

The patent to Munro discloses a composite shingle composed of a back layer of felt and a slate face. The felt back extends any desired distance above the slate. A cushioning strip of felt is placed between the under and the overlapping shingle rows. This strip is a cushioning and sealing means for the nails driven through the slate.

The examiner rejected claims 7 and 8 as being unpatentable over the Docker patent in view of either the Braun or Munro patents. Claim 6 was rejected by the examiner on all of the references, his decision stating that Munro shows the advantage of nailing through the felt and that it is obvious to nail along the exposed edge in view of Chilcott. The board agreed with these grounds of rejection.

It appears to us that the use of water-proofed felt strips for the metal strips disclosed in the Docker patent is but an obvious substitution of material. Both strips are material that has been water-proofed.

Both the Braun and Munro patents show the use of felt backing as a cushioning means, and Munro particularly sets forth that the felt is a sealing means in nailing. Therefore, we cannot hold that the use of felt for cushioning and sealing, as claimed here, discloses anything that is not old in the art.

The fact that the felt shown in the application does not extend under the entire surface of the shingle is immaterial because whether it does or not, it apparently is a cushion for the shingle and a seal for the joint.

It is clear to us that nailing on the exposed corners through preformed holes is shown in the Chilcott patent and consequently this feature of the claims cannot be considered as involving invention.

Appellant contends that the board erred in holding claim 8 to be illustrative of all of the claims and also that individual consideration was not given to each of the claims. There is no difference between claims 7 and 8 except that the words "water-proofed" in claim 7 are replaced with the words "asphalt saturated" in claim 8. Appellant does not claim that asphalt saturated or water-proofed felt is part of his invention and in his brief he requests that we consider his argument concerning claim 7 to be applicable to claim 8. We are of opinion that since there is no substantial difference in the subject matter of these claims there was no error on the part of the board in quoting claim 8 as illustrative and in failing to discuss claims 7 and 8 separately.

Claim 6 was separately considered by both the examiner and the board, the decision of the latter stating: "Claim 6 sets out a particular arrangement of the nailing perforations but this arrangement is considered not to be patentable over the arrangements disclosed in the references." With this holding of the board we are in accord as we have hereinbefore stated.

We cannot consider the statements in the brief of appellant as to the commercial success of his device. They are not in the record. In re Kochendorfer, 44 F.2d 418, 18 C.C.P.A., Patents, 761.

We think it is clear, from what has heretofore been said, that the claims herein were properly rejected as being unpatentable over the prior art cited. The combining of references was proper in this case. Under such circumstances it is not necessary that a reference contain all of the features of a claim. In re Hodgson, 96 F.2d 285, 25 C.C.P.A., Patents, 1110; In re Cordes, 76 F.2d 302, 22 C.C.P.A., Patents, 1158.

The decision of the Board of Appeals is affirmed.

Affirmed.