348

28 C.C.P.A.(Patents)

## In re SMYTH.
### Patent Appeal No. 4496.

Court of Customs and Patent Appeals.

June 9, 1941.

Rehearing Denied June 26, 1941.

Thomas H. Sheridan and James A. Davis, both of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting, for lack of patentability over the cited prior art, claims 1 to 6, inclusive, and 9 to 13, inclusive, of appellant's application for a patent. Claims 7 and 8 were allowed.

Claim 1 is illustrative of the subject matter involved and reads as follows: "1. In combination, record playing means for reproducing phonograph records, a plurality of record carriers for carrying phono-graph records to be played by said record playing means, record carrier operating means for selectively delivering one of said phonograph records at a time for playing by said playing means, token or coin freed means for controlling the foregoing means, *and record making means operable by said record carriers to record the number of times each of said phonograph records is played by said playing means for indicating the relative popularity of said phonograph records* in said record carriers." (Italics ours.)

As indicated by the above quoted claim, appellant's disclosure relates to a coin-controlled multi-record phonograph and a recording mechanism for indicating the relative popularity of the phonograph records.

Appellant's alleged invention consists in adding to what is admitted to be an otherwise old phonograph, a so-called popularity indicator comprising means to record the number of times each record is played. His application states:

"It is an object of the invention to provide a phonograph which will indicate the relative appeals that the various records in the phonograph have to patrons thereof, and that will thereby indicate when a record or records should be replaced due to the expiration of their useful life, to the lack of popularity, or to both causes. .

"To that end the novel popularity indicator 21 is provided in the phonograph for operation by the changer means, not only to indicate the relative appeals of the various phonograph records, but also to make a record of the number of times each phonograph record is played. * * *"

The element of the combination relied upon for patentability is italicised in the above-quoted claim.

The references cited are: Kerr, 1,194,-640, August 15, 1916; Roeling et al., 1,378,-720, May 17, 1921; Rosenberger, 1,598,015, August 21, 1926; Grant, 1,981,231, November 20, 1934; Wilcox, 2,002,236, May 21, 1935.

As stated by the Board of Appeals, "The patent to Kerr discloses a recording device provided with a storage drum and a receiving drum for a tape on which a record is to be made by a plunger mechanism. The plunger mechanism is operated each time the door of a furnace is opened in order to make a record of the number of times the fuel is supplied to the furnace. The tapes used for record purposes are illustrated in Figs. 16 and 17 of the patent."

The patent to Rosenberger relates to a recording lock mechanism, concerning which the specification states: "* * * The principal object of this invention is to provide a recording lock of simple and inexpensive construction having a minimum of movable parts, the construction being of a character whereby the operation of a key to lock the door produces a record on a strip of paper * * *."

The patent to Grant relates to a registering stop device, of which the specification states: "* * * More particularly, the invention relates to a stop device which registers or counts the number of pieces of lumber or other material which have been cut, sawed or stamped while using such stop. * * *"

The patent to Roeling is merely cumulative to other patents cited and we do not find it necessary to summarize its disclosure.

The patent to Wilcox discloses a multiple-record phonograph which appellant admits is generally similar to that disclosed in appellant's application as an element of his combination. It does not show or describe any indicator or recorder, nor does it suggest that any of its operations should be recorded or indicated.

The claims before us are broad, and the simple question is whether exercise of the inventive faculty was involved in adding to a multiple-record phonograph old in the art a counting device also old in the art. In other words, did it involve invention to employ a counter as disclosed in the patents to Kerr, Rosenberger, and Grant, in a multiple-record phonograph, to indicate the number of times each record had been played?

The particular method of accomplishing the combination is not involved in the claims before us, and claims have been allowed in which elements are recited in effecting the combination, presumably not shown in the prior art.

It appears that phonographs such as are here involved are sold by the manufacturers to "operators," who place them in public places of entertainment, and that machines are played by their patrons upon the deposit of coins in the device. The "operators" and the owners of the places where the machines are located divide the gross receipts from the playing of the phonographs, but only the "operators" or their representatives have keys through which the receipts from the playing of the phonographs may be withdrawn from the instruments.

Appellant's counsel stresses the point that by appellant's combination the relative popularity of the records in the phonograph is indicated, and that nothing of this nature is shown in the prior art.

This is true, but after all, appellant's combination indicates only the number of times each record is played, and this involves only registering in a permanent form the playing of each record.

While there is a difference in the purpose for which the counter is made, we see no essential difference, so far as counting is concerned, between a device which counts the number of times a furnace door is opened, or the number of times that a key is turned in a lock, or counting the pieces of lumber or other material which have been cut or stamped, and a device which counts the number of times that a record has been played.

In the case of In re Kylstra, 87 F.2d 487, 488, 24 C.C.P.A., Patents, 938, there was involved the patentability of a combination involving a counting mechanism in a machine gun for the purpose of counting the number of rounds of ammunition which had been fired. The principal reference was a patent to one Cravath which disclosed a counting mechanism designed for use with a street-car or similar vehicle to indicate the distance travelled through counting of the number of rotations of one of the vehicle wheels.

Appellant there contended that the reference related to a nonanalogous art and should not be relied upon to negative patentability of appellant's claims. The same contention is made by appellant in the case at bar with respect to the references Kerr, Rosenberger, and Grant. With respect to the contention of nonanalogous art made in the case of In re Kylstra, supra, we there said:

"It does not seem to us that the broad difference between the arts of street car operation and machine gun firing are decisive of the issue here. The actual *art* is numbering or counting, with a display of the result at a desired location, and we regard such *art* as being the same in both the device of appellant and that of the Cravath patent. In re Weingartner, 58 F.2d 442, 19 C.C.P.A.(Patents) 1202."

The same observation is applicable here. There is, of course, a broad difference between the arts of furnace operation, the operation of keys in a lock, or the operation of a saw-mill, and the operation of a phonograph; but, as was said in the case last cited, "the actual *art* is numbering or counting," and we regard such art as being the same in both the device of appellant and those of the references Kerr, Rosenberger, and Grant, so far as the question here involved is concerned.

That the idea of mentally counting the number of times each record in a phonograph is played was not new is indicated by an affidavit introduced into the record by appellant wherein it is stated:

"(a) Modern phonographs have twenty (20) or more records therein which are available for selection;

"(b) The location owner has his own business to run and could not therefore be expected mentally or otherwise to make a reliable observation as to the relative popularity of even fewer records."

According to this affidavit, the novel feature of appellant's device consisted solely in the automatic counting of the number of times each record was played.

Of course, by constant observation one could count the number of times each record was played in a phonograph and thus determine the relative popularity of each record, but this would be impracticable. The problem therefore was to provide automatic counting of the playing of such records and making a record thereof.

To solve the problem it was, in our opinion, only necessary to examine the prior art, and ascertain that the automatic counting of operations or articles was well known, and apply such art to a multiple-record phonograph.

This application of a counting device to a phonograph, it seems to us, would be obvious to anyone skilled in the art, and no exercise of the inventive faculty was involved in appellant's combination.

It is interesting to note in this connection that in an affidavit by the president of appellant's assignee, it is stated that he independently conceived means which, when combined with a selective phonograph, would automatically indicate the popularity of the records.

That appellant's combination is novel and useful is apparent, but for the reasons stated herein we are in agreement with the Patent Office tribunals that, in view of the references, the claims before us are not patentable.

The decision appealed from is affirmed.

Affirmed.