35 C.C.P.A. (Patents)

### Application of CASEY.

### Patent Appeals No. 5350.

Court of Customs and Patent Appeals.
Jan. 27, 1948.

---

Ernest F. Mechlin, of Washington, D. C. (George F. Vaia, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner who rejected all the claims in appellant's application for alleged new and useful improvements in a journal box for use in a railway truck and more particularly to an improved hinge lug therefor.

The references are: King, 1,445,693, Feb. 20, 1923; Pope et al., 1,554,757, Sept. 22, 1925; Adams, 1,640,228, Aug. 23, 1927; Flodin et al., 2,126,546, Aug. 9, 1938; Couch, 2,258,584, Oct. 14, 1941.

The attorneys for appellant have recited the rejected claims in their brief, and in so doing have italicized the language in each claim which they contend defines patentable subject matter. As thus recited, the claims read:

"1. In a journal box having an apertured hinging lug upstanding from the roof of said box and provided with a vertically and horizontally directed surface, the combination of, *an angular plate conforming substantially to said surfaces and welded to said hinging lug, and a crescent shaped shim disposed within said hinging lug aperture.*

"2. In a journal box having an aperture cast lug extending from the roof of said journal box and provided with a front vertically directed surface and a top horizontally directed surface, the combination of, *a substantially L-shaped plate conforming substantially to said surfaces and welded to said lug, and a crescent shaped shim having surfaces formed of equal radii disposed within said aperture and welded to said lug.*

"3. In a journal box having an apertured cast lug extending from a wall of said box and provided with a front substantially vertical surface and a top substantially horizontal surface, the combination of, *a substantially L-shaped plate approximating in configuration said top and front surfaces, and means for securing said plate to said lug.*"

The subject matter of the claims relates to a journal box particularly employed in the truck of a railway car to house the extremity of a wheel and axle assembly. Such a journal box is concededly old in the art. Appellant's alleged invention pertains to a relatively simple structure comprising a hinge lug upstanding from the roof of a journal box, which is thus described in his brief:

" * * * As viewed in the drawing (R– 7) the hinge lug is formed in part by a member 3 formed intergral with the roof of the cast journal box. The member has angularly disposed surfaces exposed horizontally 10 and vertically 8. and in full bearing relation with these surfaces is an angularly shaped plate or clip 13 which is

welded or otherwise secured to the member. A pintle aperture 7, eccentric in cross section, is formed in the hinge lug and into the aperture is fitted a crescent shaped shim 12 to define one or an outer side of the aperture and remove the eccentricity of the aperture. The angular shaped plate and shim may be formed of relatively hard material since they are adapted to be related with movable parts associated with the journal box.

\*    \*    \*    \*    \*    \*

"\* \* \* The purpose of attaching a movable lid to the journal box is so that access may be had to the interior of the box for inspection of the bearing, lubricant carrying material, application of lubricant and application or removal of the bearing. If the lid when, in closed position, is not held firmly against the journal box to cover completely the access opening, foreign substance such as water, snow, grit, etc., will find its way to the interior of the box to result in the bearing becoming damaged. \* \* \*

\*    \*    \*    \*    \*    \*

"\* \* \* A part of the lid moves along the angularly disposed faces of the clip and the hinge pin forming the connection between the lid and hinge lug bears against the crescent shaped shim. It is only after the clip and shim become worn to such a degree that the lid is no longer held firmly against the journal box that the clip and shim are replaced to thereby completely renovate the journal box."

The patent to Couch discloses a ball-jointed lid for closing the access opening to a journal box for railway vehicles, wherein the pivotal portions of the lid are cast integral with associated parts. The specification states that:

"A principal object of the present invention is the provision of a ball-jointed lid, the particular construction of which provides for an unrestricted vertical and horizontal equalization of the cover portion thereof in order to insure a full bearing engagement between the cover and the juxtapositioned surface of an associated journal box, thereby excluding dust, water or any other foreign substance from the interior of the journal box.

\*    \*    \*    \*    \*    \*

"Referring now in detail to the drawings, \* \* \* there is indicated, diagrammatically, a portion of a journal box 1 having an access opening 2 and a hinge lug 3 extending upwardly from and adjacent the front portion of the roof or top wall 4 of said box. The hinge lug 3 is provided with an aperture 3a through which extends a rod or pintle 5 pivotally connecting an articulated journal box lid, generally designated as 6, to the box. The lug 3 has angularly disposed surfaces 7 and 8 formed thereon which are engaged by a portion of the lid, whereby said lid is retained in either open or closed position. \* \* \*"

The patent to Flodin et al. relates to the conventional type of journal box for railway vehicles, and particularly to a spring-actuated lid therefor. As described in the specification, and referring in detail to the drawings, the journal box "\* \* \* is provided at its front face with the usual opening 2. A member, preferably in the form of a lug 3, is carried by the box beyond the upper side of the opening 2 and centrally thereof. The lug is provided at its front with a cam face 4 which is directed to make a definite angle with the face 5 of the box. The lug is further provided at its top with a cam face 6 and with an orifice 7 in which a hinge pintle 8 is mounted with its opposite end portions 9 and 10 extending from the opposite sides of the lug."

The two patents hereinbefore described are the basic references and, as noted, clearly disclose the conventional features of the device claimed by appellant.

Neither reference discloses, however, an external angular or L-shaped plate conforming substantially to the front and top surfaces of the hinge lug and welded to the lug, nor an internal crescent-shaped shim in the aperture of the lug, the specific structures upon which appellant relies as defining the patentable subject matter of his claims.

The tribunals of the Patent Office held that appellant's purpose in using the angular L-shaped plate, and the crescent-shaped shim, was to protect the journal box against wear by providing bearing surfaces which are less subject to wear in the repeated hinging action of the lid. That particular

holding has not been adequately traversed by appellant.

The expedient of providing bearing surfaces which by constant and severe use are less subject to wear, such as the claimed L-shaped plate, or its equivalent, and the crescent-shaped shim, on things other than journal boxes, is disclosed by the secondary references, the patents to Pope et al., to Adams, and to King.

The patent to Pope et al. relates to a device, a bushing and reenforce for coupling rods, which may be employed in connection with various forms of machinery, but is more particularly adapted for use in coupling the radius bars to the crank shaft or other part of a motor driven vehicle.

The device comprises a base member adapted to be attached by its flanges to a support, for instance, to the crank casing of a motor driven vehicle, and having a half socket in one face and an opposing half socket. Fitting one or both of the half sockets, is a semi-globular bushing, and extending from each bushing member is a semi-cylindrical lip or projection.

A portion of the stock of the member to be supported in the device, is provided with a globular terminal to engage in the bushings and the half sockets. The lip portions or projections, extending from each bushing member, bear over the portion of the stock adjacent to the globular terminal, and reenforce and support the stock at its junction therewith.

The patentees state in their specification that their invention "* * * has for one of its objects to improve the construction and increase the efficiency and utility of devices of this character.

"Another object of the invention is to provide a device of this character having wear preventing means, and means whereby the parts are supported and strengthened and worn parts readily renewable without discarding the unworn or unimpaired parts."

The patent to Adams relates to brake hangers. To increase the life of the socket member thereof, a hard metal bushing for the socket member is provided which is secured to the socket member by spot-welding. On cutting the weld, or chipping it off, the bushing can be removed and readily replaced. Adams states in his specification: "In this type of brake hanger, the walls of the sockets wear considerably, and the main object of this invention is to provide the sockets with a hard metal bushing, which is firmly attached to the bracket but which can be readily removed when it is necessary to replace the bushing."

The patent to King relates to shaft bearings and more particularly to a removable bearing sleeve which is especially useful for renewing the bearing surfaces of connecting rods such as are employed in the engines of Ford automobiles for connecting the pistons with the crank shaft.

The bearing sleeve of the invention, which is adapted to be fitted within the bearing recess of the connecting rod, is longitudinally divided along an axial plane thereby providing two separated, crescent-shaped, parts or sections each of which is a duplicate of the other.

King states in his specification: "One object of the present invention is to provide a bearing sleeve of novel and improved construction which may be readily and quickly applied to connecting rods of the above described character either to replace a worn bearing surface, or to provide a suitable bearing surface in the first instance and which will in either case, accurately fit the crankshaft and be adapted for rigid assembly with the connecting rod."

The board applied no specific reference to any of the rejected claims and in affirming the action of the examiner expressed the view that appellant's accomplishment in providing a wear plate or a wear shim to protect the journal box against becoming worn amounted to no more than an engineering expedient; and that no invention was involved in appellant's appropriation and use of the expedient that had previously been used for the same purpose on things other than journal boxes, as illustrated in the references cited.

The Primary Examiner based his action upon the same ground, but in so doing specifically applied the teachings of each of the cited references and gave a precise statement of his respective grounds of rejection.

Claims 1 and 2 were rejected by the examiner as lacking invention over each of

the disclosures of Couch and Flodin et al. in view of the disclosures of the patents to Pope et al. or Adams and King. Claim 3, which does not recite the crescent shaped shim, was rejected by him as unpatentable over the patent to Couch or the patent to Flodin et al. in view of the patent to Pope et al. or the patent to Adams.

Both the examiner and the board, appellant contends, erroneously failed to realize that never before in the history of railroads in this country has there ever been any modification of the conventional type of hinge lug for a journal box as characterized by the basic references of Couch and Flodin et al.

Appellant argues in his brief that the distinct defects in the conventional type of hinge lug have been recognized from its inception; that the device defined by his claims solved the problem which so long had existed in the art; and that the wide commercial success of his device indicates it is a meritorious invention and a broad advancement in a very old and crowded art.

The court has no reason to doubt the truth of any of appellant's statements as to the existence of a problem which confronted the art and as to the commercial success of his device.

■ Such statements, however, cannot be verified herein by the prior art of record. Those statements are based essentially upon alleged facts which do not appear in the evidence in the record before us. Therefore, under well-established authority they cannot be considered by the court or relied upon as the basis of its action. See In re Spohn, 77 F.2d 768, 22 C.C.P.A. (Patents) 1304; In re Beeson, 100 F.2d 191, 26 C.C.P.A. (Patents) 755.

Appellant also contends that no single reference defines the identical structural arrangement of the device defined by the claims on appeal, and that the respective references are in a remote and non-analogous art and do not constitute an anticipation of appellant's device.

The solicitor for the Patent Office correctly states that obviously the patents to Couch and to Flodin et al. each discloses a journal box, which is the identical name applied to the device claimed in each of the appealed claims. He frankly concedes that none of the patents to Pope et al., Adams, and King discloses a journal box of the type described and claimed in appellant's application.

The solicitor points out, however, that it is not the remote function of the respective devices defined by the secondary references which is the art here involved, but rather the actual art involved is the proximate function of providing wear members to protect parts from wear; which is the very thing that appellant has done. We agree with the solicitor that the actual art involved herein is the function of providing wear members to protect parts from wear. It is not the remote function of the device that is here involved. See In re Smyth, 120 F.2d 348, 28 C.C.P.A. (Patents) 1217, and authorities therein cited.

■ It is clear that no single reference discloses the subject matter defined in the appealed claims. It is trite, however, to say that in patent jurisprudence combinations of references are proper and if their teachings be combined so as to render obvious to one skilled in the art the structure he seeks to patent there is no exercise of the inventive faculty. In re Stover, 146 F.2d 299, 32 C.C.P.A. (Patents) 823.

■ We have carefully examined all the arguments and authorities cited by counsel for appellant but we find therein no ground upon which we are authorized to reverse the decision of the Board of Appeals. That decision, for the reasons hereinbefore stated, is affirmed.

Affirmed.

BLAND, J., sat during the argument of this case, but resigned before the opinion was prepared.